WILLIAMS V. STATE



NO. 07-00-0404-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 13, 2001



______________________________




CHRISTOPHER WILLIAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13457-9906; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Appellant Christopher Williams was convicted of delivery of a controlled substance,
and on August 16, 2000, sentence was imposed at two years confinement in a state jail
facility. Appellant timely perfected his appeal and the clerk's record was filed on
December 18, 2000. The reporter's record was due to be filed on January 15, 2001. By
letter dated January 17, 2001, Jerry K. Bratcher, Certified Shorthand Reporter, notified this
Court of his retirement and certain medical conditions necessitating his request for
additional time in which to prepare the reporter's record. Then, by letter dated April 10,
2001, Mr. Bratcher provided this Court with a status report of pending appeals and his
intent to have the record in this appeal filed prior to a surgical procedure scheduled for
June 18, 2001. To date, however, the reporter's record has not been filed and no
reasonable explanation for the delay nor any estimate as to when this Court may expect
to receive the reporter's record has been presented.

 The trial court and an appellate court are jointly responsible for ensuring that an
appellate record is filed. Tex. R. App. P. 35.3(c). Among other duties, the trial court must 
"help ensure that the reporter's work is timely accomplished by setting work priorities," and
may appoint a deputy reporter when the official court reporter is unable to perform the
duties. Tex. R. App. P. 13.3 and 13.5. Thus, because Mr. Bratcher is now retired, we
abate this appeal and remand the cause to the 242nd District Court of Hale County for
further proceedings.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine:

 (1) whether due to poor health or other reasons, Jerry K. Bratcher is unable 
to prepare and file the reporter's record within 30 days from the date of
hearing; or

 (2) whether circumstances require the trial court to direct the present court
reporter to prepare the record from the notes and materials of Jerry K.
Bratcher, or 

 (3) whether the trial court should appoint a deputy reporter to prepare and
file the reporter's record within 30 days from the date of hearing; and

 (4) finally, the trial court shall make such orders as in its discretion are 
appropriate to facilitate the prompt filing of a reporter's record no later than
30 days from the date of the abatement hearing. 


The trial court shall cause the hearing to be transcribed and shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental reporter's record of the hearing shall also be included in the
appellate record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court within 30 days from the date of
this order.

 Per Curiam

 Do not publish.



 new counsel is appointed, appellant's brief will
be due within 30 days after the deadline for filing of the supplemental clerk's record and the
supplemental reporter's record and the State's brief will be due within 30 days thereafter. 
Tex. R. App. P. 38.6(a),(b). 

 It is so ordered. 

 

 Per Curiam 

Do not publish.